## Tracy Walter, Appellee,. v. Henry J. Dillner and George Reeve, Appellants.

### Gen. No. 21,396.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1915.   Affirmed.   Opinion filed October 18, 1916.

### Statement of the Case.

Action by Tracy Walter, plaintiff, against Henry J. Dillner and George Reeve, and another defendant, counting upon a general partnership obligation of all defendants, and upon common counts against "said defendants." After a verdict and dismissal of one defendant, the others moved in arrest of judgment on the ground that a declaration, counting upon a general obligation of three living defendants, would not sustain a judgment against two. From an order denying the motion, they appeal.

J. T. GREENACRE and O. F. REICH, for appellants.

JOHN C. TRAINER, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 192*—*when dismissal as to one defendant does not bar judgment against other defendants.* Where a special count in a declaration counted on a general partnership obligation against three defendants and common counts therein counted against "said

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendants," and after verdict the action was dismissed as to one of the defendants, *held* that the refusal of the trial court to grant a motion in arrest of judgment was not error, as the common counts after the amendment declared only against the remaining defendants.

2. JUDGMENT, § 218*—*when motion in arrest of judgment will not be granted.* Where a judgment may be sustained on one count of a declaration, the fact that it cannot be sustained on another count will not justify the granting of a motion in arrest of judgment.

3. APPEAL AND ERROR, § 1303*—*when presumed that evidence sufficient to support judgment.* Where no bill of exceptions is filed, it must be conclusively presumed that the evidence is sufficient to support the judgment.